UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL A. SCHILLINGER,　　　　　　　　　　Case No. 13-CV-359-PP

　　　　　　Petitioner,

v.

JAMES SCHWOCHERT,

　　　　　　Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION (DKT. NO. 31), AND DISMISSING PETITION**

---

**BACKGROUND**

In April 2009, a jury convicted petitioner Daniel Schillinger in Wood County Circuit Court of one count of first-degree sexual assault of a child without great bodily harm. Dkt. 32-1 at 1. Three months later, the Wood County Circuit Court sentenced the petitioner to thirteen years of confinement, followed by seven years on extended supervision. Id.

　　A.　　The Federal *Habeas* Petition

The petitioner filed his federal petition pursuant to 28 U.S.C. §2254 on March 29, 2013. Dkt. No. 1. The petition raised six grounds: (1) that the trial court erred by admitting a detective's testimony stating that sexual assault suspects more commonly deny accusations than admit guilt; (2) that the petitioner's trial counsel was ineffective for failing to object to inadmissible testimony; (3) that his trial counsel was ineffective in failing to introduce evidence of a divorce and custody dispute between the petitioner and the

1

victim's mother; (4) that his trial counsel was ineffective for misadvising the trial court on how to answer the jury's question concerning who initiated the charge; (5) that the trial court erred by instructing the jury that the issue of who initiated the charge against the petitioner was "of no consequence to guilt or innocence;" and (6) that the trial court erred by giving an "Allen instruction"[1] when the jury indicated that it had voted four times without reaching a unanimous verdict. Dkt. No. 32 at 4.

On April 9, 2013, Judge Griesbach (then assigned to the case) issued a screening order; two of the petitioner's six claims survived. Dkt. Nos. 4, 28. The court determined that the Sixth Amendment ineffective assistance of counsel argument based on counsel's failure to introduce divorce records as a reason witnesses might have been biased (ground three), and the claim that the trial court erred in giving an Allen charge in response to the jury's question about what to do if they couldn't agree (ground six) could proceed after the plaintiff exhausted these claims in state court. Id. The court stayed the federal proceedings to allow the petitioner to exhaust those claims in state court. Id.

B.   The Motion for a New Trial

Documents attached to the respondent's brief in support of the motion to dismiss indicate that at some point in 2013, the petitioner filed what the Wood

---

[1] The petitioner refers to the jury instruction discussed in Allen v. U.S., 164 U.S. 492 (1896), which courts give when juries report that they are unable reach a unanimous verdict.

County Circuit Court characterized as "an apparent motion for a new trial."[2] Dkt. No. 32-14 at 14. On November 19, 2013, the court denied that motion. Dkt. No. 32-14 at 14. The trial court characterized the petitioner's post-conviction motion as "a rant delineating a number of reasons why [the petitioner] is mad about his current situation." Id. The court did not specifically mention the petitioner's claim that his trial counsel was ineffective for failing to introduce divorce and custody records to demonstrate witness bias, but the judge did state that the petitioner's ineffective assistance claims "do not appear to raise any prima facie issue showing either of these attorneys to be ineffective." Id. As to the petitioner's claim regarding the Allen charge, the court quoted what the petitioner had said in the motion, then stated that none of the allegations in the motion gave "rise to the Court believing [the petitioner] received ineffective of counsel at his trial or for his appeal." Id. at 15. The court concluded that because the motion "raise[d] no understandable issue the Court can act on, the Motion is Denied." Id.

On November 17, 2015, the Wisconsin Court of Appeals for District IV summarily affirmed the circuit court's ruling. State of Wisconsin v. Daniel A. Schillinger, 2014AP152, Dkt. No. 32-15 at 3. With regard to the failure to introduce evidence regarding divorce and custody, the appellate court found that the petitioner had not sufficiently developed the argument, "as to either the facts or the law," and declined to address it. Id. at 2. The appellate court

---

[2] While the circuit court made no mention of a statutory basis for the motion for new trial, the District IV Court of Appeals treated it as a post-conviction motion for state *habeas* relief under Wis. Stat. §974.06. Dkt. No. 32-11 at 24.

3

did not address the Allen charge claim. Id. The petitioner did not file a petition for review with the Wisconsin Supreme Court. Dkt. No. 32-16.

    C.    The *Knight* Petition

Meanwhile, in May 2015, the petitioner filed in the District IV Court of Appeals a post-conviction motion under State v. Knight, 168 Wis. 2d 509 (Wis. 1992). State of Wisconsin v. Daniel A. Schillinger, 2015AP878, Dkt. No. 32-9. (A Knight petition allows a defendant to allege ineffective assistance of his appellate counsel.) In the Knight petition, the petitioner argued that he was denied effective assistance of trial counsel, that his trial counsel "initiated the Allen Charge," and that his appellate counsel failed to raise these issues, prejudicing the outcome of the appeal of his conviction. Id. at 5.

On November 12, 2015 (five days before the Court of Appeals issued its order affirming the circuit court's denial of the petitioner's motion for a new trial), the Wisconsin Court of Appeals denied the Knight petition, finding that the petitioner did not "develop a coherent argument explaining why the Allen charge was improper" and failed to sufficiently develop the arguments that his trial counsel was ineffective. Dkt. No. 32-10 at 2.

    D.    The Petition for Supreme Court Review

The petitioner filed a petition for review with the Wisconsin Supreme Court. Dkt. No. 32-11. The date he typed on this petition was December 16, 2015. Id. at 1. The case number he typed on the petition was 2015AP00878, which is the case number the Court of Appeals assigned to his Knight petition. Id. But the *caption* of the petition reads "Petition for Review of a Decision of The

4

Wisconsin Court of Appeals, District IV Dated November 17, 2015"—the date of the Court of Appeals' order affirming the trial court's denial of his motion for a new trial. Id.

The petitioner attached two documents to his Supreme Court petition for review: a copy of the Court of Appeals' November 17, 2015 order affirming the circuit court's denial of his motion for a new trial, dkt. no. 32-11 at 24, and a copy of the Wisconsin Court of Appeals' November 12, 2015 order denying his Knight petition, dkt. no. 32-11 at 26.

So—the petition for review bore the case number for the petitioner's Knight petition, and the date of the appellate decision in his Wood County motion for a new trial, and the petitioner attached copies of both orders to the petition for review. It appears that perhaps the petitioner thought he could seek review of both orders in the same petition for review.

The Wisconsin Supreme Court, however, interpreted the petition as a petition to review the denial of the Knight petition—the December 12, 2015 decision in case number 2015AP878. Dkt. No. 32-12 at 1. The Court found that "[m]ore than 30 days ha[d] passed from the issuance of the court of appeals' decision of November 12, 2015." Id. Because "[p]etitions for review must be physically filed with the clerk of the supreme court within 30 days of the date of the court of appeals' decision or within 30 days of the court of appeals' decision on a timely motion for consideration," the Supreme Court dismissed the petition as untimely under Wis. Stat. §808.10. Id.

5

E.     The Resumption of the Federal Proceedings

On January 19, 2016, this court lifted the stay and required the respondent to file a response to the petition's two surviving claims. Dkt. No. 28. The respondent filed this motion to dismiss, asserting that the petitioner had procedurally defaulted on both claims. Dkt. No. 32 at 5. The motion is now fully briefed. Dkt. Nos. 37, 39. The court finds that the petitioner has procedurally defaulted both claims, and will dismiss the petition.

**DISCUSSION**

Pursuant to 28 U.S.C. §2254(b)(1)(A), federal courts cannot grant *habeas* relief unless the petitioner exhausts the available state court remedies. Generally, a court considers a claim exhausted only if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006) (citation omitted).

Going all the way to the state supreme court, however, is not sufficient.

> In habeas, state-court remedies are described as having been "exhausted" when they are no longer available, regardless of the reason for their unavailability. Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted on those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

Id. at 93 (citation omitted). Procedural default also may occur if the petitioner timely raises the claim with the appropriate court but fails to satisfy the state

6

court's other procedural requirements. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004).

Procedurally defaulted claims are barred from federal review unless the petitioner can demonstrate both cause and prejudice, or that denying the petition will result in a miscarriage of justice. Id. As a result, Rule 5(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 states that a respondent's answer to a *habeas* petition "must state whether any claim is barred . . . a procedural bar . . . ." Here, the respondent asserts that the petitioner's two remaining claims are subject to a procedural bar. Dkt. No. 32 at 6. The court agrees, and finds that the petitioner has not demonstrated cause and prejudice sufficient to overcome the default.

    A.    <u>The Petitioner Procedurally Defaulted On Both of His Remaining Claims.</u>

A procedural default occurs when the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). It is not enough for a state court to refer to a procedural bar as one of many reasons why the claim cannot prevail. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order to preclude federal review, the procedural bar must be "independent of the federal question and adequate to support the judgment." Id. A bar is independent when "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir.

7

2012) (citing Kaczmarek v. Rednour, 627 F.3d 586, 592 (7th Cir. 2010)). A bar is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." Id.

   1.   *Case No. 2014AP152*

The petitioner made several claims in his motion for a new trial before the Wood County Circuit Court. It is not clear exactly what those claims were—neither he nor the respondent has provided the court with a copy of the motion. As discussed, the trial court denied the motion without addressing specific claims. He appealed the trial court's denial to the Wisconsin Court of Appeals, which summarily affirmed the circuit court's decision on November 17, 2015.

It appears that the petitioner intended to ask the Supreme Court to review that decision. He put the date of the decision in the caption of his petition for review, and he attached it to the petition for review. But he did not put the case number—2014AP152—on the petition. If the petitioner had put case number 2014AP152 on the petition for review, and the Supreme Court had realized that he was trying to appeal the November 17, 2015 order in that case, the Wisconsin Supreme Court might have found the petition for review timely, because December 17, 2015 (the date the Supreme Court received the petition for review) was thirty days after November 17, 2015. But the Supreme Court appears not to have realized that the petitioner was seeking review of that decision (if he was), because he did not put that case number on the petition for review. As a result, there is no decision from the Wisconsin

8

Supreme Court granting—or denying—review of the Court of Appeals' decision in 2014AP152.

Thus, the last state court to rule on the petitioner's claims in case number 2014AP152 was the District IV Court of Appeals. That court declined to address the petitioner's ineffective assistance of counsel claim regarding his trial counsel's failure to introduce evidence regarding divorce and custody, because the petitioner had not sufficiently developed the argument, "as to either the facts or the law." State of Wisconsin v. Daniel A. Schillinger, 2014AP152, Dkt. No. 32-15 at 2. "[I]f the state treats inadequate development of a claim as waiver, then a defendant's omission activates the doctrine of *Wainright v. Sykes*, 422 U.S. 72 . . . (1977), and the claim is forever barred unless the defendant can establish cause and prejudice." Riggins v. McGinnis, 50 F.3d 492, 493 (7th Cir. 1995) (citation omitted). Thus, the petitioner procedurally defaulted on this claim in 2014AP152.

The Court of Appeals did not mention the petitioner's claim regarding the Allen charge at all. The last state court to rule on the petitioner's Allen charge claim was the trial court. The trial court quoted what the petitioner said in the new trial motion:

> The jurors not once, twice, but voted 4 times which was presentation on a note from the jurors asking "what constitutes a hung jury." False evidence purposely and intentionally involved by and accused person is evidence against him as the basis of presumption of guilt. I've been doing this for 29 years and when asked they normally lie about it. Hickory V. United States 160 U.S. 408, 422. Where the same question, as to the weight to be given flight as evidence of guilt arose. This is a self evident proposition as true.

9

Dkt. No. 32-14 at 15. The trial court could not seem to figure out what to make of these statements, because it could "find no allegation which would give rise to the Court believing" that the petitioner received ineffective assistance of counsel. Id. Again, the fact that the petitioner did not develop this claim such that the trial court (or the appellate court) could address it constitutes procedural default, absent a showing of cause and prejudice.

        2.    *2015AP878*

The petitioner tried to submit his remaining claims through one complete round of state review in his Knight petition—case number 2015AP878. Again, however, he procedurally defaulted by failing to develop the claims in a way that the Court of Appeals could meaningfully review. The Court of Appeals explained, "Schillinger's petition does not have a meaningful statement of facts or explanation of the procedural history of the case." Dkt. No. 32-10 at 1. The appellate court solved this problem by reviewing the circuit court record filed in case number 2014AP152. Id.

The court then turned to the petitioner's argument that "the circuit court erred at trial by giving an *Allen* instruction when it expressed difficulty reaching a verdict." Id. at 2. The court found that the petitioner "[did] not develop a coherent argument explaining why the *Allen* charge was improper." Id. Finally, the Court of Appeals noted that the petitioner had made "a series of short assertions about things he believe[d] trial counsel should have done to . . . present evidence about a divorce . . . ." Id. The court again found that "[n]one of these arguments are sufficiently developed, either factually or legally, to

10

permit a response." Id. So—as with his attempts to raise these claims in case number 2014AP152, the petitioner procedurally defaulted on the claims—waived them—in 2015AP878 by failing to develop them.

In case number 2015AP878, the petitioner also failed to seek timely review of the Court of Appeals decision to the Supreme Court. The Wisconsin Court of Appeals issued its decision on the Knight petition on November 12, 2015. Dkt. No. 32-10. The petitioner filed his petition for review with the Wisconsin Supreme Court on December 17, 2015—thirty-five days after the Court of Appeals decision. Dkt. No. 32-11. Consequently, the Wisconsin Supreme Court dismissed the 2015AP878 petition, because "[m]ore than 30 days [had] passed from the issuance of the court of appeals' decision of November 12, 2015." Dkt. No. 32-12. The Wisconsin Supreme Court cited Wis. Stat. §808.10 and §809.62(1m) and First Wisconsin National Bank of Madison v. Nicholaou, 87 Wis. 2d 360, 274 N.W.2d 704 (1979). Id. The Seventh Circuit has found that failing to meet the Wisconsin petition for Supreme Court review deadline is an independent and adequate state procedural bar. Buelow, 847 F.2d at 424; Madyun v. Young, 852 F.2d 1029, 1032 (7th Cir. 1988).

Because the petitioner procedurally defaulted on his two remaining claims, the court now must consider whether he has demonstrated cause and prejudice for those defaults.

B. The Petitioner Has Not Shown Cause or Prejudice Stemming from the Default, Nor Show that Denying his Petition Will Result in a Miscarriage of Justice.

A petitioner can overcome a procedural default by demonstrating both cause and prejudice, or by showing that denying the petition will result in a miscarriage of justice. Lewis, 390 F.3d at 1026. Neither argument saves the petitioner's claims.

1. *The petitioner has not shown cause for default.*

"Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." Lewis, 390 F.3d at 1026 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). The petitioner has not stated cause for his default.

In his brief opposing the motion to dismiss, the petitioner restates the facts of his case, dkt. no. 37 at 5-6. He then argues that his trial counsel was ineffective by failing to object to some of the testimony at trial. Id. at 7-8. Judge Griesbach did not allow him to proceed on this claim, so the court will not consider this argument.

The petitioner next argues that his trial counsel was ineffective when "he failed to acknowledge the divorce and custody disputes between the Mother and Schillinger." Id. at 9. Oddly, the petitioner states that "[o]n this close case I feel I have procedurally defaulted on these claims and the arguments of the allegations." Id. This statement appears to be a concession by the petitioner that he has procedurally defaulted. The petitioner goes on, however, to argue why he believes his trial counsel was ineffective on this point. He appears to

12

attempt to present to this federal court the arguments that he did not present to the state courts. This is exactly what the doctrine of procedural default prohibits—a petitioner cannot present arguments to the federal *habeas* court that he did not present to the state courts.

With regard to the Allen charge claim, the petitioner says, "To this extent I feel I have procedurally defaulted on these giving claims." Id. at 12. But while he again appears to agree that he procedurally defaulted, the petitioner presents extensive argument about why he believes he should have prevailed on the Allen charge argument. Again, he appears to be making the arguments to this court that he did not make to the state courts.

Nowhere in his opposition brief does the petitioner explain why he did not make to the state courts the extensive arguments he now makes to this court. The petitioner had several opportunities to do so. He could have given detailed arguments to the trial judge in his motion for a new trial. He could have presented detailed motions to the Court of Appeals in both his appeal of the denial of his motion for a new trial and his Knight petition. He didn't, and he does not explain why. Thus, he has not stated cause for his default, and because he has not stated cause, the court does not need to reach the question of whether he has suffered prejudice.

> 2. *The Petitioner Has Not Shown a Miscarriage of Justice.*

The petitioner does not appear to understand that if he has procedurally defaulted on his claims, this court cannot rule in his favor, and must dismiss the petition. For that reason, the court will assume that the petitioner did *not*

13

mean to concede that he has procedurally defaulted. Rather, the court perceives that the petitioner is trying to argue that for this court to deny his *habeas* petition would constitute a miscarriage of justice, because he is innocent. Dkt. No. 37 at 12.

"Factual innocence indeed relieves a petitioner of a procedural default, at least when the error affects the finding of guilt, as opposed to a non-capital sentence." Hayes v. Battaglia, 403 F.3d 935, 938 (7th Cir. 2005). But §2254(e)(1) requires a federal *habeas* court to presume that any determinations of factual issues made by the state court are correct, and the petitioner has to prove that they aren't correct by clear and convincing evidence. The federal court can hold an evidentiary hearing on a petitioner's failure to develop the factual basis of a claim only if the claim relies on a "factual predicate that could not have been previously discovered through the exercise of due diligence," and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Sections 2254(e)(2)(A)(ii) and (B).

The petitioner has not made an argument that there are facts he has now that weren't available to him at the time of his trial. Nor does he argue that these facts would demonstrate, by clear and convincing evidence, that if his counsel had raised those facts, no reasonable juror would have found him guilty. Rather, he argues that "[i]t should trouble [the court]" that the jury based his conviction on "37 minutes of testimony," and that his counsel did not

present counter testimony that (1) the victim had made prior unsubstantiated claims of sexual assault and (2) the victim's mother (the petitioner's girlfriend at the time) and the petitioner had a contentious relationship which could have conceivably caused her to tell the victim to fabricate the sexual assault claims. Dkt. No. 37 at 9, 12. These arguments do not support an actual innocence exception to procedural default.

As the Seventh Circuit has explained, if a miscarriage of justice "occurs whenever a better lawyer might have created a reasonable doubt in one juror's mind," then "*every* claim of ineffective assistance would show 'miscarriage of justice' and the rules of procedural default would be hollow . . . ." Hayes, 403 F.3d at 938. "Proof of innocence must be considerably more than the proof required to establish prejudice." Id. (citations omitted) "To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." Id.

The petitioner has presented no such powerful evidence. He argues only that if his trial lawyer and his appellate lawyer had done things differently, the jury might not have convicted him. These arguments are not sufficient to demonstrate a miscarriage of justice such that the petitioner can overcome his procedural default of his two remaining claims. For these reasons, the court will grant the respondent's motion to dismiss, and will dismiss the petition.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." Hall v. Pollard, No. 14-C-793, 2014 WL 3728083, at *2 (E.D. Wis. July 28, 2014).

The court concludes that its decision to dismiss the petitioner's claims for procedural default is neither incorrect nor debatable among jurists of reason. The petitioner failed to develop his claims in state court, did not properly seek review of lower court rulings to the Wisconsin Supreme Court, and did not demonstrate cause or show a fundamental miscarriage of justice to overcome the default. The court will not issue a certificate of appealability.

**CONCLUSION**

For the reasons explained above, the court **GRANTS** the respondent's

motion to dismiss. The court **DECLINES** to issue a certificate of appealability.

The court **DIRECTS** the clerk to enter a judgment dismissing the action.

Dated in Milwaukee, Wisconsin this 27th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge